WAYNE E. STEVENSON AND MARILYN J. STEVENSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stevenson v. Commissioner
Docket No. 15671-81.
United States Tax Court
T.C. Memo 1982-16; 1982 Tax Ct. Memo LEXIS 731; 43 T.C.M. (CCH) 289; T.C.M. (RIA) 82016; January 12, 1982. John V. Donnelly, for the petitioners. Robert M. Fowler, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case is presently before the Court on petitioners' Motion to Dismiss. The sole issue for decision is whether this Court lacks jurisdiction to redetermine deficiencies in petitioners' income taxes because of the alleged defective nature of respondent's notice of deficiency and answer. On April 13, 1981 respondent sent petitioners, husband and wife, a notice of deficiency. The notice determined deficiencies in their income taxes for the calendar years 1974 and 1977 in the respective *732 amounts of $ 5,259 and $ 104,214. Attached to the notice were four pages of statements and schedules. One such page, entitled "Statement--Income Tax Changes," set forth the following two adjustments to income for 1977: 1. Adjustments to income
12-31-77
a) Income from Mosebach, Griffith,
Simmer & Company
$ 234,401.00
b) Medical Expense
138.00
2. Total adjustments
$ 234,539.00
Another such page, entitled "Explanation of Items," described the first adjustment as follows: 1(a). Income from Mosebach, Griffith, Simmer & Co. It is determined that income in the amount of $ 234,401.00 is taxable to you for property, clients, files, accounts, or other considerations you received in 1977 from Mosebach, Griffith, Simmer & Co., Tama, Iowa (a partnership) in conjunction with your withdrawal from the partnership during 1977. No further explanation of this adjustment was provided in any of the statements or schedules attached to the notice of deficiency. On June 30, 1981 petitioners filed a ten-page petition requesting a redetermination of the deficiencies set forth by respondent in the notice of deficiency. The petition contained the following *733 allegations relevant to the issue before us: 4. The determination of tax set forth in said Notice of Deficiency is based upon the following errors: (a) The said Notice of Deficiency is inadequate, defective, and invalid. 5. The facts upon which Petitioners rely, as the basis of their case, are as follows: (a)(1) All deficiencies proposed by the Commissioner in his Notice of Deficiency arise as a result of the adjustment referred to in paragraph 1(a) of the Explanation of Items (Form 886-A) attached to said Notice of Deficiency. [1]
(2) The aforesaid paragraph 1(a) of the Explanation of Items contains no reference to any section of the Internal Revenue Code, Treasury regulation, Treasury ruling, case law, or theory as the basis upon which said adjustments *734 are made. (3) As a consequence of the foregoing, the Notice of Deficiency was and is inadequate, defective and invalid. WHEREFORE, the Petitioners pray that: 1. This Court find and hold that the Notice of Deficiency is inadequate, defective and invalid. On August 21, 1981 respondent filed his answer. He denied the assignment of error in paragraph 4.(a) of the petition, admitted the allegations of paragraph 5.(a)(1), denied the allegations of paragraph 5.(a)(2) but only to the extent that it alleged that the Explanation of Items contained no reference to any theory as the basis for the stated adjustment, and denied the allegations of paragraph 5.(a)(3). Respondent did not affirmatively allege any theory or cite any authority in support of the determination set forth in the notice of deficiency. In the prayer he requested that the Court approve his determination of the deficiencies. On September 18, 1981 petitioners filed the present motion. They contend that this Court lacks "subject matter" jurisdiction over this proceeding because respondent failed to inform them in either the notice of deficiency or the answer of his theory of the case. We think petitioners' motion *735 lacks merit. This Court's jurisdiction to redetermine a deficiency in income tax depends on (1) the issuance by the Commissioner of a notice of deficiency and (2) the timely filing of a petition. Sections 6212, 6213, 7442; Rule 13. [2] The adequacy or inadequacy of the Commissioner's answer under Rule 36(b) or Rule 31(a) [3] is, contrary to petitioners' assertion, simply irrelevant for jurisdictional purposes. Accordingly, their attack on respondent's answer is to no avail and need not be further considered. [4]
*736 We turn now to the notice of deficiency. Neither section 6212(a), [5] which authorizes the sending of the notice, nor any other section of the Internal Revenue Code of 1954 prescribes the form of a notice or specifies the contents or information required to be included therein. ; . The Treasury regulations are equally silent. See, e.g., section 301.6212-1, Proced. & Admin. Regs. All that we have requried is that the notice fulfill its purpose of providing formal notification that a deficiency in tax has been determined. ; ; , slip opinion p. 7; , affd. . Accord , wherein Judge Learned Hand stated that "the notice is only to advise the person who is to pay the deficiency *737 that the Commissioner means to assess him; anything that does this unequivocally is good enough." In other words, the notice must (1) fairly advise the taxpayer that the Commissioner has in fact determined a deficiency and (2) specify the year and amount. , revg. on other grounds a Memorandum Opinion of this Court; , slip opinion pp. 5-6; , slip opinion pp. 9-11. We have never held that an "inadequate" explanation of adjustments [6] renders the notice a nullity, and we will not do so now. , slip opinion pp. 4-6; see . Accord , affg. Barnes Theatre Ticket Service, Inc. v. Commissioner , a Memorandum Opinion of this Court. See also ; ; ; *738 Dubroff, The United States Tax Court: An Historical Analysis 222, 405 (1979); Ponder, United States Tax Court Practice and Procedure 32 (1976). Petitioners cite and rely heavily on , affg. sub nom. and (supplemental opinion). That case, however, had nothing to do with this Court's jurisdiction. The issue there was whether the Commissioner could invoke the reallocation provisions of section 482 for the first time onbrief. Cf. ; . We held that he could *739 not because the taxpayer was not previously aware of his intent to rely on section 482 and would have been severely disadvantaged if he were allowed to do so. . The Eighth Circuit agreed and affirmed our opinion. . Transport Mfg. & Equip. Co. is thus clearly inapposite to the issue before us in this case. Petitioners' basic concern is to avoid surprise or disadvantage by respondent's failure to disclose his theory of the case. In general, their concern is a legitmate one. However, a motion challenging this Court's jurisdiction is not the medium by which to assuage such concern. Rather, our Rules contemplate that after the case is at issue, the parties will informally confer in order to develop and stipulate the facts, discuss the issues, and prepare for trial. Rules 38, 70(a)(1) and 90(a). See . It is through such informal consultation and communication that surprise and disadvantage are avoided. Of course, if a party should fail to conform to our Rules, his or her adversary may, for example, commence discovery under Rules 70 through 72, [7] serve a request *740 for admissions under Rule 90, file a motion to compel stipulation under Rule 91(f), or request a pretrial conference under Rule 110. For the reasons set forth above, petitioners' motion to dismiss for lack of jurisdiction is denied. An appropriate order will be entered. Footnotes
1. The deficiency for 1974 arises because of the disallowance of an investment credit carryback from 1977. The carryback was disallowed because the investment credit was completely used in 1977 to reduce the additional tax liability for that year generated by the partnership adjustment. Also, the partnership adjustment increased petitioners' AGI for 1977, thereby eliminating their medical expense deduction for that year.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect on April 13, 1981, the date on which the statutory notice was issued. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. RULE 36. ANSWER (b) FORM AND CONTENT: The answer shall be drawn so that it will advise the petitioner and the Court fully of the nature of the defense. It shall contain a specific admission or denial of each material allegation in the petition; however, if the Commissioner shall be without knowledge or information sufficient to form a belief as to the truth of an allegation, he shall so state, and such statement shall have the effect of a denial. If the Commissioner intends to qualify or to deny only a part of an allegation, he shall specify so much of it as is true and shall qualify or deny only the remainder. In addition, the answer shall contain a clear and concise statement of every ground, together with the facts in support thereof, on which the Commissioner relies and has the burden of proof. Paragraphs of the answer shall be designated to correspond to those of the petition to which they relate. RULE 31. GENERAL RULES OF PLEADING (a) PURPOSE: The purpose of the pleadings is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions. ↩
4. However, we think respondent's answer complied with both the letter and the spirit of the applicable Rules. The burden of proof is on petitioners. Rule 142(a). Respondent is entitled to put them to their proof. The mechanism by which he does this is through the specific admission or denial of each material allegation in the petition. In this manner he also discharges his duty to plead. His duty to plead affirmatively↩ generally arises only in respect of a matter constituting an avoidance or affirmative defense, Rule 39, or an issue with respect to which he has the burden of proof, Rules 36(b) and 142. Neither of these two circumstances is present in this case.
5. SEC. 6212. NOTICE OF DEFICIENCY. (a) IN GENERAL.--If the Secretary determines that there s a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, 44, or 45, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. ↩
6. We should not be understood to mean that we necessarily think the explanation of adjustments in this case was inadequate.↩
7. Rules 70 through 72 provide for several discovery devices, including contention interrogatories. See Rules 70(b) and 71.↩